UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------x
E.C. Contracting, Inc.

              Plaintiff,

  -against-

D.F. Pray, Inc.; Fidelity and Deposit Company of Maryland; Zurich American Insurance Company

             Defendants.
------------------------------------------------x

**MEMORANDUM AND ORDER**

Case No. 1:19-cv-6813-FB-VMS

*Appearances:*
*For the Plaintiff*:
MANNY A. FRADE
Meltzer, Lippe, Goldstein & Breitstone, LLP
190 Willis Ave.
Mineola, NY 11501

*For the Defendant*:
DENIS SERKIN
Peckar & Abramson, P.C.
41 Madison Ave.
20th Floor
New York, NY 10036

**BLOCK, Senior District Judge:**

      Contractor-Defendant D.F. Pray, Inc. ("Pray") hired Subcontractor-Plaintiff E.C. Contracting, Inc. ("E.C.") to perform work on a construction project ("the Project"). E.C. seeks damages for Pray's alleged failure to pay for its services and to recover the cost of materials. Pray, in turn, argues that it did not to pay E.C. because it never received payment from the corporation that commissioned the Project, Maple Drake Austell Owner, LLC ("the Owner"). It therefore seeks leave

to file a third-party complaint against the Owner under Federal Rule of Civil Procedure 14(a).

On March 3, 2021, United States Magistrate Judge Vera M. Scanlon recommended that Pray's motion for leave to file a third-party complaint be denied. Pray's objections to that recommendation are meritless, so it is accepted.

## I.

Because Pray does challenge the Magistrate Judge's recitation of the facts, and the Court finds no clear error in that recitation, the Court incorporates the "Background" section of the Magistrate Judge's Report and Recommendation into this Order. *See* ECF No. 27 at 1–7. *See also J.E. ex. rel. Edwards v. Ctr. Moriches Union Free Sch. Dist.*, 898 F. Supp. 2d 516, 525 (E.D.N.Y. 2012) (the Court "may. . . review for clear error. . .those portions of a report and recommendation to which no specific objections are addressed"). It therefore proceeds directly to Pray's Rule 14 arguments.

> Rule 14 of the Federal Rules of Civil Procedure states that:
>
> a defending party may, as a third-party plaintiff, serve a summons and complaint on a nonparty who is or may be liable to it for all or part of the claim against it. But the third-party plaintiff must, by motion, obtain the court's leave if it files the third-party complaint more than 14 days after serving its original answer. Fed. R. Civ. P. 14(a)(1)

District courts have discretion to grant or deny a Rule 14(a) motion in the interest of judicial economy. *Kenneth Leventhal & Co. v. Joyner Wholesale Co.*, 736 F.2d

29, 31 (2d Cir. 1984); *see also iBasis Global, Inc. v. Diamond Phone Card, Inc.*, 278 F.R.D. 70, 74 (E.D.N.Y. 2011) ("Rule 14(a) was designed to promote judicial economy") (internal quotations and citations omitted). "Timely motions for leave to implead non-parties should be freely granted to promote judicial efficiency, unless [doing] so would prejudice the plaintiff, unduly complicate the trial, or. . . foster an obviously unmeritorious claim," but "the right to implead third parties is not automatic." *iBasis Global, Inc.*, 278 F.R.D. at 74. (internal quotations and citations omitted). Rather, impleader is only appropriate if the moving party demonstrates that its claim is "dependent on or derivative of the [plaintiff's] main claim." *Doucette v. Vibe Records, Inc.*, 233 F.R.D. 117, 120 (E.D.N.Y. 2005) (citing *Bank of India v. Trendi Sportswear, Inc.*, 239 F.3d 428, 438 (2d Cir. 2000)).

A claim is "dependent on" another if there is a strong "causal link" between the two, such that the outcome of the second is contingent on the first. *Joyner Wholesale Co.*, 736 F.2d, at 31; *see also Falcone v. MarineMax, Inc.*, 659 F. Supp. 2d 394, 402 (E.D.N.Y. 2009) ("Regardless of the type of claim asserted, the outcome of the third-party claim must be contingent on the outcome of the main claim") (cleaned up). However, a claim is not "dependent on" another if the connection between the two is based in in a "speculative, but for" argument, or if the relationship between the claims is insufficiently "direct." *Joyner Wholesale Co.*, 736 F.2d at 31–2.

3

A claim is "derivative of" another when a defendant alleges that another is secondarily liable to it as a contributor. *Id.* at 31. The traditional "derivative" claims are indemnification, contribution and subrogation. *Falcone*, 659 F. Supp. 2d, at 402. However, the Court may deem other claims "derivative" if the defendant "bears [its] burden of showing that if [it] is found liable to the plaintiff, then the third-party will in turn be liable to [it]." *Schoenholtz v. Doniger*, No. 83 Civ. 2740 (IBC), 1984 WL 374, at *5 (S.D.N.Y. May 4, 1984).

## II.

Pray challenges three of three of the Magistrate Judge's legal conclusions. First, it argues that the Magistrate Judge elevated form over substance when she weighed the fact that "the proposed third-party complaint does not assert traditional third-party claims of indemnification, contribution or subrogation" against Pray's motion for leave. ECF No. 27 at 8. Second, it argues that the Magistrate Judge improperly distinguished Judge Denis Hurley's opinion in *International Paving Sys., Inc. v. Van-Tulco, Inc.*. 866 F. Supp. 682 (E.D.N.Y. 1994). *See* ECF No. 30 at 8 (arguing that "[there] is simply no distinction between *International Paving Systems* and the instant case. Thus, the same result should apply"). Finally, Pray makes a general objection to the Magistrate Judge's conclusion that its claims against the Owner are not "derivative of or dependent on" E.C.'s claims and a specific critique of the Magistrate Judge's suggestion that

4

the "sole connection between Pray's claims against the Owner. . . and E.C.'s claims against Pray [is] the mere fact that 'Pray's proposed third-party complaint involves the same Project as E.C.'s complaint against. . . Pray.'" ECF No. 30 at 6 (quoting ECF No. 27 at 9). The Court addresses each objection in turn.

### A.  The Magistrate Judge Properly Considered the Nature of Pray's Third-Party Claims

Pray argues that the Magistrate Judge abused her discretion by considering the "fact that Pray's claims against the Owner sound in breach of contract and not in indemnification contribution or subrogation" and cites *Van-Tulco, Inc.*, which held that "a breach of contract claim may form the basis for impleader of a third-party defendant." ECF No. 30 at 5 (citing 866 F. Supp., at 687). This argument *could* be persuasive if the Magistrate had rejected *Van-Tulco, Inc.* and held that breach of contract actions could never support a third-party complaint, but the Magistrate Judge did not do this.[1] Rather, the Magistrate Judge does no more than state that, "[as] an initial matter, D.F. Pray. . .does not allege traditional third-party claims of indemnification, contribution or subrogation" before proceeding to the substantive analysis of Pray's claims she is accused of neglecting. *See* ECF No. 27 at 8–9 (discussing substantive differences between claims); *see also id.* at 12

---

[1] The Court does not decide whether the *Van-Tulco* court's interpretation of Rule 14(a) is correct.

5

(describing possible case outcome where E.C. would be entitled to payment from Pray but Pray would not be entitled to payment from the Owner).

Despite Pray's suggestion to the contrary, there is no evidence that the Magistrate Judge denied Pray's Rule 14(a) motion *because* Pray's proposed complaint did not assert "traditional" claims of indemnification, contribution or subrogation.

**B.     The Magistrate Judge Properly Distinguished *International Paving Sys., Inc. v. Van-Tulco, Inc.***

Pray next argues that the Magistrate Judge erred by failing to apply the holding in *International Paving Sys., Inc. v. Van-Tulco, Inc.* to this case. In making this argument, Pray makes no attempt to explain why the Magistrate Judge was bound to follow a district court decision from 1994.

Even assuming *arguendo* that *Van-Tulco, Inc.* binds the Court, the Magistrate Judge did not err by failing to follow its holding. In *Van-Tulco, Inc.* the same factual issue underlay both the original and the proposed third-party complaints, such that:

> If [the subcontractor] properly supplied and installed the latex concrete at the Project, then [the subcontractor] would be entitled to payment under its contract with [the contractor]. Similarly, if the latex concrete has been properly supplied and installed by its subcontractor, [the contractor] would be entitled to payment from the [third-party] for this portion of the Project. Therefore, if [the subcontractor] were  entitled to recover against [the

6

contractor] for its concrete work on the main claim, [the contractor] would be entitled to recover from the [the third-party]. 866 F. Supp., at 687–88.

By contrast, the complaints in this case lack symmetry. E.C.'s complaint hinges on the question of whether it properly fabricated, delivered and installed components needed for the Project, while Pray's claims against the Owner turn on the issues of whether the Owner caused the Project to be delayed or unlawfully refused to bear its share of the Project's cost. *Compare* ECF No. 1 at 2–5 (E.C.'s complaint) *with* ECF No. 17, Ex. 1 at 23–29 (Pray's third-party complaint). Although these issues are arguably related, they are not identical. Thus, while a jury's decision on one could affect the resolution of the other, the two sets of claims could just as easily be resolved in isolation.[2] The Magistrate Judge properly distinguished *Van Tulco, Inc.*

C. **The Magistrate Judge Correctly Held That Pray Did Not Bear Its Burden**

Pray further objects to the Magistrate Judge's conclusion that its claims against the Owner are not "derivative of and/or dependent on" E.C.'s claims against it. ECF No. 30 at 5. It also makes a specific challenge to the Magistrate

---

[2] For example, a jury could find that E.C.'s failure to perform its obligations under the subcontract delayed the Project, and therefore that the Owner is not at fault, or it could find that Pray refused to pay E.C. because the Owner refused to provide funds for that purpose. However, a jury could also conclude that E.C. fulfilled all its obligations (and is therefore entitled to damages from Pray), *and* that the Owner unreasonably delayed the Project (such that Pray is entitled to damages from the Owner).

Judge's statement that the two sets of claims are connected only insofar as they "[involve] the same Project." ECF No. 27 at 9.

The latter argument has some merit. As detailed above, it is possible that the resolution of E.C.'s claim would affect the resolution of Pray's proposed claim against the Owner, and Pray correctly notes that the Owner's state court complaint suggests that E.C. may be partially responsible for the delays alleged in the third-party complaint. *See* ECF No. 30 at 6; ECF No. 22, Ex. 1 at 12–13 (alleging delays in portion of the Project subcontracted to E.C.). However, the potential connection between the two sets of claims is neither direct nor strong. *See Joyner Wholesale Co.*, 736 F.2d, at 31–2. The "link" in this case is not like the one in *Van-Tulco, Inc.*, where the claims were connected because the subcontractor was certain to be paid if the contractor was. *See Van-Tulco, Inc.*, 866 F. Supp., at 687 n.1 (noting that "pursuant to [the] subcontract. . . [the subcontractor] was to receive payment following [the contractor's] receipt of payment from [the third-party]").[3] Rather,

---

[3] The Court acknowledges that the Subcontract contains a "pay when paid" provision, like the one in *Van-Tulco*. *See* ECF No. 22, Ex. 3. However, one year after the *Van-Tulco* decision, the New York Court of Appeals held that "pay when paid" provisions are void as a matter of public policy. *West-Fair Elec. Contractors v. Aetna Cas. & Surety Co. West*-Fair, 87 N.Y.2d 148, 158 (1995); *see also* Elec. *Contractors v. Aetna Cas. & Surety Co.*, 78 F.3d 61, 63 (2d Cir. 1996) (adopting the Court of Appeals' holding). Accordingly, that provision has no impact on this case.

8

the connections Pray identifies will exist only if a future jury makes specific factual findings and reaches issues it may not even consider. The Court will not permit interpleader based on claims that become connected only if certain events beyond the parties' control occur. *See generally Joyner Wholesale Co.*, 736 F.2d, at 31–2 (no interpleader based on "speculative," "but-for" type arguments).

Finally, interpleader serves the interest of neither justice nor judicial economy. *See iBasis Global, Inc.*, 278 F.R.D., at 74. All of Pray's claims against the Owner have already been brought as counterclaims in a state court action, which has proceeded since 2019. *See* ECF No. 27 at 13 n.4 (citing *Maple Drake Austell Owner, LLC v. D.F. Pray, Inc.*, Index No. 655492/2019 (Sup. Ct. N.Y. Co. 2019)). To allow Pray to refile its claims in federal court would waste judicial resources, "unnecessarily complicate the trial" of E.C.'s claims, and create a risk of inconsistent verdicts in state and federal court. *iBasis Global, Inc.*, 278 F.R.D., at 74. Just as importantly, allowing Pray to bring its third-party complaint would place this Court in opposition to Judge Engelmayer of the Southern District of New York, who recently remanded a case involving Pray and the Owner for lack of jurisdiction. *See* ECF No. 22, Ex. 2. *See also Maple Drake Austell Owner, LLC v. D.F. Pray, Inc.*, No. 19 Civ. 9448 (PAE), ECF No. 33 (S.D.N.Y. Jan. 7, 2020). Thus, even if Pray had made a stronger showing under Federal Rule of Civil Procedure 14, the Court would not exercise its supplemental jurisdiction in aid of

Pray's efforts to circumvent Judge Engelmayer's ruling and shop for a federal forum.

## CONCLUSION

Pray's objections to the Magistrate Judge's *Sua Sponte* Report and Recommendation are **OVERRRULED**, and the Report and Recommendation is **ADOPTED**. Accordingly, Pray's motion for leave to file a third-party complaint is **DENIED**.[4] Per the Magistrate Judge's recommendation, Pray shall have 21 days from the date of this Order to file a second motion for leave to file that complies with Rule 14. The Court expresses no opinion on the merits of any future motions.

**SO ORDERED.**

                                                                    /S/ Frederic Block
                                                                     FREDERIC BLOCK
                                                                     Senior United States District Judge

Brooklyn, New York
March 26, 2021

---

[4] This Order has no effect on the Magistrate Judge's Order of March 3, 2021, which gives Pray leave to amend its Answer.